# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GARY J. WINKLER,

    *Plaintiff*,

vs.

C/O GODECKI, *et al.*

    *Defendants*.

3:13-cv-00711-RCJ-VPC

ORDER

This *pro se* prisoner civil rights suit comes before the Court for initial review of the complaint. Action on the pauper application is deferred at this time.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff Gary Winkler seeks compensatory and punitive damages from Lovelock Correctional Center ("Lovelock") Correctional Officer Godecki, Lieutenant Whiteman, Dr. Scott, Correctional Officer Ball, and sundry fictitiously named defendants.

At the outset, the complaint, which seeks monetary damages only, does not state a claim for relief against any defendant in their official capacity. First, claims for monetary damages from a defendant in their official capacity are barred by state sovereign immunity under the Eleventh Amendment. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). Second, state officials sued in their official capacity for monetary damages also are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10 (1989).

On the individual capacity claims, Count I states a claim for relief against defendant Godecki for alleged excessive use of force in violation of the Eighth Amendment protection against cruel and unusual punishment.

Count II does not state a claim upon which relief may be granted under the Eighth Amendment against the sole defendant named therein, defendant Whiteman.

Plaintiff alleges that defendant Whiteman left him in "the hole" – either administrative, protective or disciplinary segregation confinement – for 300 days. Being placed in segregation confinement does not violate the Eighth Amendment.

None of the remaining allegations state a claim under the Eighth Amendment. Plaintiff's alleges that Whiteman did nothing after he said that he would look into the attack, that there would be "no problem" getting plaintiff's pain medication for him, and that he would see about why plaintiff was in segregation confinement. Such alleged inaction on the allegations presented does not violate the Eighth Amendment. Plaintiff alleges that he saw another inmate get body slammed by an officer while shackled and that he therefore did not shower for 182 days for fear of being shackled and he never asked for pain pills again. Plaintiff's unilateral decision to not shower and to not ask for pain medication after he saw force applied to another inmate does not give rise to Eighth Amendment liability, particularly as to defendant Whiteman. Plaintiff's subjective pejorative characterization of segregation as a "hell hole" does not state a claim for relief.

Count III also does not state a claim for relief under the Eighth Amendment on the multiple alleged violations included in the one count.

Plaintiff alleges, first, that Dr. Scott examined and took photos of bruises and contusions on his arms, face and torso on December 13, 2011, and that he prescribed ibuprofen. Plaintiff alleges that he then was sent to "the hole" for 300 days, and the physician did not follow up thereafter. Plaintiff's allegations do not establish that the physician was subjectively aware of a serious medical need but failed to respond adequately.[1]

---

[1] In order to state a claim for relief under the Eighth Amendment for deliberate indifference to a serious medical need, the plaintiff must present factual allegations tending to establish that the defendant official knew of and disregarded an excessive risk to inmate health or safety. *See, e.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1017-18 (9th Cir. 2010). The official both must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference. *Id.* In other words, a plaintiff must show that the official was "(a) *subjectively* aware of the serious

(continued...)

1    Plaintiff alleges, second, that defendant Ball threatened him by saying that inmates
2 killed themselves all the time in the hole and that there were no cameras on the tier in the
3 hole. Verbal harassment, including even threats of bodily injury, does not give rise to a viable
4 Eighth Amendment claim. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.1996), *amended by*
5 135 F.3d 1318 (9th Cir.1998); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987);
6 *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir.1987).

7    Plaintiff alleges, third, that a few weeks later unidentified officers made threatening
8 gestures to him. Such verbal type harassment, again, does not give rise to a viable Eighth
9 Amendment claim. Moreover, plaintiff cannot pursue claims against named defendants
10 based upon the alleged actions by other unnamed officers at another time.

11    Plaintiff's reliance upon 42 U.S.C. § 1997e(e) as an independent basis for a claim for
12 relief is misplaced. § 1997e(e) limits the recover of damages for mental or emotional injury
13 on custodial claims. It does not constitute an independent source of a claim for relief.

14    Additionally, plaintiff did not comply with the instructions for the required complaint form
15 in Count III. Under the instructions, plaintiff may include only one constitutional violation per
16 count. Plaintiff instead presented three different alleged violations in Count III – an alleged
17 failure to provide medical care by Dr. Scott, an alleged threat by Ball, and an alleged threat
18 at a different time by other officers.

19    If plaintiff again combines multiple alleged violations in a single count, the Court will
20 disregard all alleged violations after the first violation alleged, for failure to follow the
21 instructions and orders of the Court.

22    The Court will dismiss the deficient claims and provide plaintiff an opportunity to file an
23 amended complaint correcting these deficiencies, to the extent possible.

---

[1](...continued)
medical need and (b) failed adequately to respond." *Id.*, (quoting prior authority, with emphasis in original). Medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference to a serious medical need under the Eighth Amendment. *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *rev'd on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir.1989).

IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint and that Counts II and III are DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to an opportunity to amend. The only claim that remains before the Court is Count I against defendant Godecki in his individual capacity only. The official capacity claims against all defendants are dismissed by this order, and all claims against all defendants other than defendant Godecki are dismissed by this order.

IT FURTHER IS ORDERED that plaintiff shall have **thirty (30) days** within which to mail an amended complaint to the Clerk for filing correcting the deficiencies in the original complaint, if possible. If plaintiff does not timely mail an amended complaint correcting the deficiencies in the original complaint, the action will proceed forward only on the remaining claim against defendant Godecki in his individual capacity.

IT FURTHER IS ORDERED that plaintiff shall clearly title any amended complaint filed as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **3:13-cv-00711-RCJ-VPC**, above the word "AMENDED" in the space for "Case No." Under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

The Clerk shall SEND plaintiff with two copies of a blank § 1983 complaint form and one copy of the instructions for same, along with a copy of the original complaint that he submitted.

DATED: May 28, 2014

_____
ROBERT C. JONES
United States District Judge