# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GARY J. WINKLER,

    Plaintiff,

vs.

GODECKI et al.,

    Defendants.

3:13-cv-00711-RCJ-VPC

**ORDER**

This is a prisoner civil rights case under 42 U.S.C. § 1983. After screening and summary judgment, a single claim of excessive force remains for trial. The Court denied summary judgment on the affirmative defense of non-exhaustion as to that claim, and the remaining Defendant requested an evidentiary hearing on the issue. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). The Court held the hearing on April 10, 2017 and ruled at the end of the hearing that Defendant had not proved the defense by a preponderance of the evidence. Defendant has asked the Court to reconsider. The motion is untimely, and the Court declines to enlarge time. The only basis given is the desire to review transcripts of the hearing before filing the motion. But counsel was of course present at the hearing, and a Rule 59 motion was not due until May 8, 2017, 11 days after the transcript was filed into the docket.

Anyway, the Court finds no basis to reconsider. *Morton v. Hall* does not appear to institute any burden-shifting scheme for non-exhaustion of prisoner complaints. 599 F.3d 942 (9th Cir. 2010). There, the Court of Appeals used no burden-shifting scheme but simply found that the district court had not abused its discretion in finding non-exhaustion where the defendants testified that there were no records of a grievance and the plaintiff "presented no evidence" of one. *Id.* at 945. Morton only testified as to having grieved other issues; he argued that for the purposes of exhaustion a grievance should inure to a plaintiff's benefit as to all issues that "ar[i]se out of the same facts and circumstances." *Id.* at 945–46. The Court of Appeals declined to adopt such a rule, noting that even absent grievance regulations requiring a particular degree of specificity, a grievance must "alert[] the prison to the nature of the wrong for which redress is sought." *Id.* at 946 (quoting *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)). Here, by contrast, Plaintiff presented evidence that he exhausted the precise claim at issue. He testified that he submitted a modified informal grievance form (identified thereupon as a second-level grievance) relating to the informal and first-level grievances he had already submitted concerning the incident at issue in this lawsuit. Unlike Morton, Plaintiff provided evidence of exhaustion of the relevant claim sufficient to prevent Defendants from proving non-exhaustion, or even that the remedy was "available" to Plaintiff, by a preponderance of the evidence. *See* 28 U.S.C. § 1997e(a).

Even if *Morton* had instituted a burden-shifting scheme, Plaintiff here would prevail. Defendant would have satisfied his initial burden by showing a lack of any institutional record of a second-level grievance, but Plaintiff would have satisfied his shifted burden by testifying that he in fact put the second-level grievance in the drop-box designated for that purpose. Plaintiff's testimony that he had submitted the second-level grievance on the modified informal grievance

form (because the guards had no second-level grievance forms when he requested one) was corroborated by the fact that he had retained two copies of the completed, modified form. The grievance coordinator's own testimony that the multiple-copy-and-receipt procedures were confusing and difficult makes even more plausible Plaintiff's claim that he submitted the second-level grievance without receiving any signed or stamped receipt. The fact that no second-level grievance appeared in the prison's records would be insufficient without more to rebut Plaintiff's evidence as to his shifted burden. The lack of records would be a defendant's initial burden to show. As a general matter of procedural logic, a defendant cannot rebut a plaintiff's evidence of having satisfied a shifted burden by simply reiterating that the defendant has satisfied his initial burden, lest the putative burden-shifting scheme collapse into a conclusive presumption upon a defendant's initial showing.

*Ross v. Blake* does not require a different result. 136 S. Ct. 1850 (2016). In that case, the Supreme Court ruled that the exhaustion requirement under § 1997e(a) contains a single exception for "[un]availabil[ity]" of the administrative remedy, not any "special circumstances" exception. *Id.* at 1856. Plaintiff needn't invoke any "special circumstances." Defendants have simply failed to prove non-exhaustion by a preponderance of the evidence. Only if they had done so and Plaintiff had then escaped dismissal by arguing some sort of exception to the statute apart from nonavailability would *Ross* matter.

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Extend Time (ECF No. 45) and the Motion to Reconsider (ECF No. 48) are DENIED.

IT IS SO ORDERED.

Dated June 14, 2017

_____
ROBERT C. JONES
United States District Judge